Nash J.
 

 There is nothing in the case which in the
 

 opinion of the Court would justify an interference with the judgment below. The defendant sold to the plaintiff a tract of land for a specific sum of money, and the deed contained a covenant for quiet enjoyment. After the conveyance the land was surveyed according to the metes and bounds contained in it; when it was discovered that it covered twenty two acres of land owned by the plaintiff. This fact was communicated to the defendant by a witness in the case, who was requested by him to tell the plaintiif, he did not wish to be run to any costs, but was willing to pay for the land. To other witnesses he stated, he did not wish Burns to sue him; he would do what was right, he was willing to pay the value of the land. The action is in assumpsit and the declaration contains
 
 *26
 
 two counts. The first is on a promise by the defendant, in consideration of forbearance on the part of the plaintiff to sue, to pay the plaintiff the value of the land. The second is on a promise to indemnify the plaintiff for his loss in purchasing his own land. There is nothing in the case to show that the plaintiff and defendant ever entered into any
 
 agreement,
 
 respecting the land, after the execution of the conveyance; or that, after that time, they ever had any communication on the subject. The case presents simply an offer on the part of the defendant to settle in the way indicated by him, without any action on the part of the plaintiff, acceding to it, and without any evidence to show that it was ever made known to him. Neither count in the declaration is sustained. An assumpsit is a contract, which requires the assent of both the contracting parties. This was a mere offer to make one, which might have been withdrawn by the defendant, at anytime before it was accepted by the plaintiff.
 
 Routledge
 
 v.
 
 Grant,
 
 4 Bing. 653.
 

 Per Curiam. Judgment affirmed.